IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| THE ESTATE OF DALE A. YOUNG,<br><br>　　　　Plaintiff,<br><br>v.<br><br>COUNTY OF BOUNDARY, et al.,<br><br>　　　　Defendants. | Case No. CV-07-277-N-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it Defendants' Motion to Dismiss State Law Claims Against Individual Law Enforcement Officers (Docket No. 4). The motion was filed on August 22, 2007. Plaintiff's response brief was due September 17, 2007. To date, Plaintiff has failed to respond to the motion. The Court has determined that oral argument will not help in the disposition of the motion. The Court will grant the motion for the reasons explained below.

## ANALYSIS

**I.     Motion to Dismiss Pursuant to Idaho Code § 6-610**

Defendants contend that Plaintiff's state law claims against the individual defendants are precluded because Plaintiff failed to post the bond required by

Idaho Code § 6-610.  In relevant part, Idaho Code § 6-610 states that before any civil action may be filed against any law enforcement officer, when such action arises out of, or in the course of the performance of his duty, the proposed plaintiff, as a condition precedent, shall file a written undertaking with at least two sufficient sureties in an amount to be fixed by the court.

The Idaho Court of Appeals applied Idaho Code § 6-610 in *Greenwade v. Idaho State Tax Commission*, 808 P.2d 420, 422 (Idaho Ct. App. 1991).  In *Greenwade*, the court specifically found as follows:

> There is an additional ground for affirming the dismissal of the claims against Sheriff Putman.  Idaho Code § 6-610 requires that the prospective plaintiff in a suit against a law enforcement officer file an undertaking for costs. In *Pigg v. Brockman*, 79 Idaho 233, 314 P.2d 609 (1957), the Supreme Court held that this requirement is not jurisdictional and may be waived by the defendant; however, the Court also held that the statute is mandatory, so that where it is not complied with, the district court must dismiss the action when the appropriate objection is timely urged by the defendant. *Pigg*, at 238, 314 P.2d at 611. In this case, Sheriff Putman filed a motion to dismiss which included an objection to Greenwade's failure to post a bond. We conclude that this failure to post a bond provides an additional basis for affirming the dismissal of the claims against Sheriff Putman.

Plaintiff did not file a written undertaking with at least two sufficient sureties.  Accordingly, Plaintiffs' failure to post the bond required by Idaho Code § 6-610 precludes Plaintiff's state law claims against the individual defendants, and

the Court will grant the Motion to Dismiss.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendants' Motion to Dismiss State Law Claims Against Individual Law Enforcement Officers (Docket No. 5) shall be, and the same is hereby, GRANTED.

IT IS FURTHER ORDERED that the hearing on the Motion to Dismiss, scheduled for October 30, 2007, is hereby VACATED.

DATED: **October 19, 2007**

Honorable B. Lynn Winmill
Chief U. S. District Judge