IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| THE ESTATE OF DALE A. YOUNG, )<br>  )<br>  Plaintiff, )<br>  )<br>  v. )<br>  )<br>  )<br>COUNTY OF BOUNDARY; BOUNDARY )<br>COUNTY SHERIFF'S DEPARTMENT; )<br>SHERIFF GREG SPRUNGL and JANE )<br>DOE SPRUNGL, Husband and Wife; )<br>DEPUTY CAROL NEGLEY and JOHN )<br>DOE NEGLEY, Husband and Wife; )<br>OFFICER KATHY VANDENBURG, and )<br>JOHN DOE VANDENBURG, Husband )<br>and Wife; CITY OF BONNERS FERRY; )<br>BONNERS FERRY POLICE )<br>DEPARTMENT; CHIEF DAVID )<br>KRAMER and JOHN DOE KRAMER, )<br>Husband and Wife; SGT. FOSTER MAYO )<br>and JANE DOE MAYO, Husband and )<br>Wife; OFFICER DON PARDOW and )<br>JANE DOE PARDOW, Husband and Wife, )<br>  )<br>  Defendants. )<br>_____) | Case No. CV-07-277-N-BLW<br><br>**MEMORANDUM DECISION AND ORDER AND ORDER RESETTING HEARING** |

## INTRODUCTION

The Court has before it Defendants' Motion for Summary Judgment (Docket No. 15). In its response brief, Plaintiff indicates that it has not had an opportunity to conduct discovery in this matter. As explained below, the Court will treat

**Memorandum Decision and Order - 1**

Plaintiff's statement as a Rule 56(f) motion, grant the motion, and give Plaintiff an opportunity to conduct discovery. The Court will then give the parties an opportunity to file supplemental briefs.

The Court also has before it Plaintiff's Motion to Reconsider the Court's dismissal of Plaintiff's state law claims (Docket No. 10). For the reasons explained below, the Court will not rule on the motion at this time, but will give the parties an opportunity to provide the Court with further briefing.

## ANALYSIS

### I.     Rule 56(f) Motion

The Court may postpone deciding a motion for summary judgment in order to give the nonmoving party more time to gather evidence. Fed. R. Civ. P. 56(f). Rule 56(f) requires "'(a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists.'" *Employers Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Clorox Co.*, 353 F.3d 1125, 1129 (9th Cir. 2004) (quoting *VISA Int'l Serv. Ass'n v. Bankcard Holders of Am.*, 784 F.2d 1472, 1475 (9th Cir. 1986)). The burden is on the party submitting the 56(f) motion to proffer sufficient facts to show that the evidence sought exists, and that such evidence would prevent summary judgment. *See Id.* at 1129-30. Mere hope that further evidence will

**Memorandum Decision and Order - 2**

develop prior to trial is insufficient.  *See Continental Mar. of San Francisco v. Pacific Coast Metal Trades Dist. Council,* 817 F.2d 1391, 1395 (9th Cir. 1987).

Here, the Court is satisfied that Plaintiff has fulfilled its burden.  The claims in this case arise from the events that transpired on the night of June 24, 2005 and early morning of June 25, 2005.  During that time-frame, Boundary County Sheriff's officers apparently arrested Dale Young, who later died of a drug overdose while in police custody.  Several individuals, including the defendant officers, dispatchers, other detainees and medical personnel were involved in, or otherwise have potentially relevant information about, the happenings of the incident.  However, at this point, Plaintiff's counsel has not deposed any of those individuals, nor has he served or received any discovery.

The issues presented in Defendants' summary judgment motion require an understanding of the events of that night.  Thus, it is important that Plaintiff be given an opportunity to depose, or otherwise obtain relevant information, from the individuals involved with the incident.  Therefore, the Court finds that Plaintiff has met the requirements of Rule 56(f), and the Court will grant its request to do further discovery.

The Court expects the parties to expeditiously conduct all relevant discovery.  Although the Court has adopted a case management order in this case

**Memorandum Decision and Order - 3**

which set a deadline for the completion of discovery, nothing in that order requires that a party wait until that deadline before moving for summary judgment or developing the evidence necessary to resist a motion for summary judgment. Thus, the Court will grant Plaintiff approximately six weeks to conduct necessary discovery and file a supplemental brief. Defendants will then have an opportunity to file a supplemental brief as well.

## II.   Motion to Reconsider

On August 22, 2007, Defendants filed a motion to dismiss Plaintiff's state law claims because Plaintiff failed to post the bond required by Idaho Code § 6-610. Plaintiff failed to timely respond to the motion, and the Court granted the motion on October 19, 2007.

Plaintiff now asks the Court to reconsider that decision because Plaintiff had filed, along with its Complaint, a written undertaking stating that it promised to pay an amount fixed by the Court in the event judgment is entered against it. Plaintiff's argument may have merit. The statute, Idaho Code § 6-610, while requiring a written undertaking with at least two sufficient sureties as a condition precedent to filing the suit, also requires that the amount of the sureties be established by the Court. This is an anomaly, since a judge is not assigned to a case until after it is filed. The statute does not outline or prescribe a procedure

**Memorandum Decision and Order - 4**

which would permit a judge to determine a bond amount in advance of the plaintiff's filing of a complaint. In the absence of such a procedure it is difficult to see how a plaintiff could comply with the statute. Moreover, even if the statute prescribed such a procedure, it may not be applicable in federal court proceedings. Nevertheless, the Idaho case law suggests that dismissal is mandatory if the bond is not posted in advance of the filing of the complaint by a non-indigent plaintiff.[1] *Greenwade v. Idaho State Tax Commission*, 808 P.2d 420, 422 (Idaho Ct. App. 1991).

    Although this Court has voiced concerns about this issue in other cases, it has never had to address the issue head-on. Therefore, the Court will re-evaluate its earlier decision. Because the parties did not have the benefit of the Court's concerns with respect to the statute prior to filing the motion to dismiss or motion to reconsider, the Court will give each party an opportunity to submit a brief addressing the anomaly and other issues related to the statute as raised by the Court above. The Court will then decide whether it should dismiss Plaintiff's state law claims, and if not, what amount of surety Plaintiff must provide.

## ORDER

---

[1] A court may waive costs, fees and security for indigents. Pursuant to Idaho Code § 31-3220, a party may file an affidavit stating that he is indigent and unable to pay the costs, fees and security associated with his case. Thereafter, the court can waive costs, fees and security if it finds, after informal inquiry, that the party is indigent. See Idaho Code § 31-3220(2).

**Memorandum Decision and Order - 5**

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Motion for Continuance of Summary Judgment to Permit Discovery (Docket No. 29) shall be, and the same is hereby, GRANTED.

IT IS FURTHER ORDERED that Plaintiff shall conduct all discovery relevant to Defendants' summary judgment, and file a supplemental brief, by no later than **April 7, 2008**. Defendants may then file a supplemental brief on or before **April 21, 2008**.

IT IS FURTHER ORDERED that the hearing scheduled for March 4, 2008 shall be, and the same is hereby, VACATED. A new hearing date shall be scheduled for **April 28, 2008 at 9:00 a.m.** in the United States Courthouse in **Coeur d'Alene, Idaho**.

IT IS FURTHER ORDERED that the Court will defer ruling on Plaintiff's Motion to Reconsider. Each party shall submit a supplemental brief, no more than

**Memorandum Decision and Order - 6**

five (5) pages in length, on or before **March 14, 2008**, addressing the Idaho Code § 6-610 issue.



DATED:  **February 26, 2008**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order - 7**